Robert A. WALTERS

v.

SECRETARY OF DEFENSE, et al., Appellants.

Richard A. Gusimano.

No. 82–2089.

United States Court of Appeals, District of Columbia Circuit.

March 15, 1984.

John D. Bates, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Washington, D.C. (at the time the brief was filed), Royce C. Lamberth, R. Craig Lawrence and John Oliver Birch, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellants.

Barton F. Stichman, Washington, D.C., with whom David F. Addlestone, Washington, D.C., was on the brief, for appellees.

Joseph M. Hassett, John C. Keeney, Jr., Sue A. Kaplan, and Katherine A. Schoff, Washington, D.C., were on the brief, for amicus curiae urging affirmance.

Before ROBINSON, Chief Judge, WRIGHT, TAMM, WILKEY, WALD, MIKVA, EDWARDS, GINSBURG, BORK, SCALIA and STARR, Circuit Judges, and MacKINNON, Senior Circuit Judge.

ORDER

PER CURIAM.

The suggestion for rehearing *en banc* of Appellees Walters, et. al., filed February 13, 1984, has been circulated to the full Court and no member has requested the taking of a vote thereon. On consideration of the foregoing, it is

ORDERED by the Court *en banc* that the suggestion is denied.

WALD and MIKVA, Circuit Judges, concurring in the denial of the motion to rehear en banc:

We want to emphasize the limited reach of the holding in this case. As we read *Walters*, the panel opinion, 725 F.2d 107 (D.C.Cir.1983), merely holds that, in *independent civil actions* brought to correct a serviceman's record, the six-year statute of limitations found in 28 U.S.C. § 2401(a) applies. *Walters* explicitly does not speak to the altogether distinct question of what time period governs when *review* is sought of administrative discharge decisions. *See* at 115 ("Nor do we address the *reviewability* of such an administrative decision in federal court.") (emphasis added). Congress has granted discharged service members 15 years from discharge to petition a review board for an upgrade, 10 U.S.C. § 1553(a), and this court has expressly held that Congress did not intend to preclude judicial review of decisions reached by those review boards. *Van Bourg v. Nitze*, 388 F.2d 557, 564 n. 14 (D.C.Cir.1967). As a result, we do not believe *Walters* in any way limits jurisdiction to *review* a correction board's treatment of a petition for a discharge upgrade that is timely filed, under 10 U.S.C. § 1553(a), with the relevant administrative body.